Verdict for plaintiff.

2 [From 6 Chi. Leg. News, 197.]

## Case No. 13,710.

### SYKES v. MANHATTAN ELEVATOR & GRAIN DRYING CO. et al.

[6 Blatchf. 496.] [1]

Circuit Court, S. D. New York. June 30, 1869.

PATENTS — PRELIMINARY INJUNCTION — USE WITHOUT INTERFERENCE — PUBLIC ACQUIESCENCE.

Where, on a motion for a provisional injunction to restrain the infringement of letters patent for a floating grain dryer and elevator, the patent was not attacked for want of novelty, and the infringement was clear, but the patent had never been tried or established, at law or in equity, and no evidence was furnished as to its use, or as to the extent of such use, or as to acquiescence in the patent by the public, and the defendant showed that he had used his apparatus for about three years, and that no claim had been made against it under the patent until about six weeks previously, and the amount invested in the defendant's apparatus and business was large, and the business seemed to be precarious, and nothing appeared as to the defendant's responsibility, an injunction was withheld until the plaintiff should establish satisfactorily the point of acquiescence by the public, and show how the defendant's apparatus had been allowed to be used without interference, and leave was given to the plaintiff to renew his motion, on further papers, but the defendant was required to render sworn periodical accounts of the grain which should in future be treated by his apparatus, and to give satisfactory security, by bond, with sureties, to pay what might be recovered in the suit.

In equity. This was a motion [by James W. Sykes] for a provisional injunction to restrain the infringement of letters patent [No. 34,992].

Charles B. Stoughton, for plaintiff.
Charles F. Blake, for defendants.

BLATCHFORD, District Judge. The papers in this case, on both sides, are exceedingly meagre and incomplete. The plaintiff's patent was granted April 15th, 1862. It has never been tried or established, at law or in equity, and no evidence is furnished as to its use, or as to the extent of such use, or as to acquiescence by the public in the patent, or in the exclusive right of the plaintiff under it, except the usual averment found in the bill, that the invention has been introduced into public use, and that the public generally have acquiesced in the plaintiff's exclusive right to the same. The novelty of the patent is not attacked, nor is the infringement denied. All that is said in defense, on the point of infringement, is, that the grain dryer which forms one element of the plaintiff's combination, is not used in the defendants' combination, but that they use a grain dryer secured by another patent. But they do not set forth what is the construction or arrangement of the grain dryer which they use, or in what particulars it is not the plaintiff's dryer, so that the court can exercise a judgment on the

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

question. In this respect, too, the plaintiff's affidavit is defective, for it merely states that the defendants' grain elevator and dryer is, in its construction and mode of operation, substantially like, and upon the same principles as, the plaintiff's elevator and dryer, in respect to the improvement secured to him in the patent, and is constructed and operated in all respects upon the principle of the plaintiff's patent, and is an infringement thereof. The plaintiff, however, verifies, by oath, a single model, which, he states, correctly represents the improvements and combination used by the defendants, and patented to the plaintiff. But nothing of all this is denied by the defendants, except to say that the dryer they use in their apparatus is not the dryer described in the patent. But the patent is not limited to any particular dryer. It claims the combining with an elevating apparatus, arranged upon a scow or other floating vessel, any interposed drying apparatus, the whole forming a floating grain dryer and elevator, capable of transferring grain from one vessel to another, or from a vessel to a storehouse, or vice versa, and of drying the grain while in the process of being transferred, and the whole apparatus capable of being easily floated from one locality to another, as may be required for the purpose of elevating and drying the grain. The specification states, that the patentee prefers to use Wheeler's dryer, patented October 23d, 1860, but that he can use, in its place, any dryer which will effectually drive the moisture from the grain to be dried and elevated. The infringement is, therefore, sufficiently established.

But, in addition to the want of satisfactory affirmative evidence, on the part of the plaintiff, as to the extent and character of the acquiescence by the public in his exclusive right, the defendants show that the apparatus now in use by them has been in use for about three years past, and that no claim was made against it, under the patent, until about six weeks ago. It is not shown that the plaintiff, who resides at Chicago, Illinois, knew of the existence or use of the defendants' machine, which has been used at New York. It is shown that the capital invested in the defendants' apparatus, and in the business of using the same, is about seventy-five thousand dollars. It does not appear that the defendants are pecuniarily responsible, nor is it shown that they are irresponsible. On the whole, an injunction must be withheld, until the plaintiff establishes satisfactorily the point of acquiescence by the public, and shows how it is that he has allowed the defendants' machine to be used for three years without interference; and he is at liberty to renew his motion, on further papers. But, as the patent is not attacked for want of novelty, and as the infringement of it

seems clear, the defendants must render sworn periodical accounts of the grain which shall be treated by their apparatus in future, and must give satisfactory security, by bond, with sureties, to pay what may be recovered in the suit. It appears that the corporation which preceded the present corporation in the business, and from which the present corporation purchased the apparatus, became embarrassed, which would seem to indicate a precarious business. The details of the order will be settled on notice, if not agreed upon.